

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SYSTEMFORWARD AMERICA, INC. | CIVIL ACTION NO. 04-2549 |
| VERSUS | JUDGE MELANÇON |
| NEIL GASPARD | MAGISTRATE JUDGE METHVIN |

## ORDER GRANTING ATTORNEY'S FEES

Before the court is the Second Motion for Sanctions under Rule 37 of the Federal Rules of Civil Procedure filed by plaintiff SystemForward America, Inc ("SFA").[1] Defendant Neil Gaspard ("Gaspard") did not file an opposition. For the following reasons, **IT IS ORDERED** that plaintiff's motion be **GRANTED** and that plaintiff is awarded attorney's fees and costs incurred in connection with the filing of the instant motion.[2]

### *Factual and Procedural Background*

The factual and procedural background of the instant matter are set forth in the report and recommendation that default judgment be entered against Gaspard issued contemporaneously with this order.

### *Law and Analysis*

Fed. R. Civ. P. 37(b)(2) provides for the imposition of reasonable expenses, including attorney's fees, by a party's failure to obey an order to provide or permit discovery that "in lieu of or *in addition*" to other sanction orders provided by Rule 37(b)(2) "unless the court finds that the

---

[1] Rec. Docs. 24, 29.

[2] The report and recommendation referenced below is in connection with SFA's request for default judgment against Gaspard as sanctions for his failure to respond to its discovery requests. The instant order concerns the issue of attorney's fees and costs.

failure was substantially justified, or that other circumstances make an award of expenses unjust" (emphasis added). At the hearing on SFA's Motion for Sanctions, the undersigned magistrate judge denied SFA's request for attorney's fees incurred in connection with that motion, but instructed defendant that other sanctions, in addition to a recommendation of default judgment, would be appropriate in the event of further refusal to comply with court orders.[3] Defendant has not only failed to respond to the discovery but has also failed to respond to the instant (second) motion for sanctions. In a separate document, the undersigned has recommended to the district judge that default judgment be entered against Gaspard. The undersigned finds that the award of attorney's fees and costs is appropriate *in addition to* the recommendation that default judgment be granted against Gaspard. Further, since it was determined at the October 25, 2005 hearing that the failure to respond to plaintiff's discovery was due to the direct fault, action and inaction of Mr. Gaspard; therefore, Mr. Gaspard is personally responsible for the payment of attorney's fees and costs to SFA.

SFA has submitted its affidavit for attorney's fees and expenses in the amount of $866.00.[4] This amount is broken down as follows: (1) $ 848.00 in attorney's fees, which includes 5.3 hours at $160.00 per hour, and (2) $18.00 in photocopying expenses.

Reasonable attorney's fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were

---

[3] Rec. Doc. 23.

[4] Rec. Doc. 27.

reasonable and whether specific hours claimed were reasonably expended. <u>League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist.</u>, 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).

After reviewing the affidavit and the underlying discovery dispute, the undersigned concludes that Mr. Waddell should be compensated at the prevailing rate for attorneys in this market, which is $125.00 per hour. The undersigned finds the total number of hours claimed to be reasonable. Therefore, the following amounts are awarded to SFA: (1) $662.50 in attorney's fees, which includes 5.3 hours billed by Robert L. Waddell at the rate of $125.00 per hour and (2) $18.00 in expenses, for a total of $680.50.

### *Conclusion*

Considering the foregoing,

**IT IS ORDERED** that defendant Neil Gaspard shall forward to SystemForward, Inc.'s counsel of record the sum of $680.50 within thirty (30) days following receipt of this order.

Signed at Lafayette, Louisiana on February 13, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT
DATE 2/13/06
BY
TO mem
cb