
RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 8/22/06

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **SYSTEMFORWARD AMERICA, INC.** | * | **CIVIL ACTION NO. 04-2549** |
| **VERSUS** | * | **JUDGE MELANCON** |
| **NEIL GASPARD** | * | **MAG. JUDGE METHVIN** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CONSENT JUDGMENT

Plaintiff, SYSTEMFORWARD AMERICA, INC. ("SFA"), and defendant, NEIL PAUL GASPARD ("GASPARD"), having settled all matters in this civil action as between them; and this action being in condition for entry of a final Consent Judgment as between SFA and GASPARD:

**IT IS ORDERED, ADJUDGED, AND DECREED** that:

1.

*SystemForward America, Inc. v. Neil Gaspard*, Civil Action No. 04-2549, currently pending before the United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division, is an action for breach of a POP-A-LOCK Franchise Agreement under state law, misappropriation of SFA's trade secrets under La. R.S. 51:1431 *et seq.*, federal service mark infringement under 15 U.S.C. § 1114, federal unfair competition under 15 U.S.C. § 1125(a) and § 1125(c), unfair competition under La. R.S. 51:1401 *et seq.*, and for conversion of SFA's property under state law.

2.

SFA has alleged that GASPARD (i) breached his POP-A-LOCK Franchise Agreement with SFA by among other things failing to pay royalties due and owing to SFA, (ii) misappropriated SFA's trade secrets by using SFA's confidential vehicle door opening tools and techniques in the operation of a competing vehicle door unlocking business, (iii) engaged in service mark infringement by using without permission SFA's registered service marks, including without limitation, the mark POP-A-LOCK, (iv) engaged in false and misleading representations and caused the dilution of SFA's service marks by passing off his vehicle door unlocking business as being sponsored or authorized by SFA after termination of his franchise, (v) engaged in acts of unfair trade practices, and (vi) converted SFA's property.

3.

This Court has jurisdiction of the subject matter of this civil action under 28 U.S.C. § 1331 and § 1338(a) and 15 U.S.C. § 1121, as this matter arises, in part, under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*; under 28 U.S.C. § 1338(b) as SFA's claims for unfair competition are joined with substantial and related claims under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*; and under 28 U.S.C. § 1367 for SFA's state law claims as those claims are so related to the federal claims that they form part of the same case or controversy.

4.

GASPARD acknowledges and stipulates to the following:

(a) SFA is the owner of the following federal service mark registrations: 2,314,00, issued February 1, 2000, for the mark POP-A-LOCK; 2,597,977, issued July 23, 2002, for the mark POP-A-LOCK and design; and 1,798,348, issued October 12, 1993, for the mark POP-A-LOCK A CAR DOOR UNLOCKING SERVICE and design, which marks and registrations are valid and subsisting;

(b) SFA is the owner of the following confidential and trade secret information or items: SFA car door unlocking tools; Confidential Franchise Operation System Manual; and Confidential Opening Manual;

(c) Upon termination of his POP-A-LOCK Franchise Agreement, GASPARD was contractually obligated to: (i) cease to operate under or use SFA's service marks and POP-A-LOCK business system and take all steps to disassociate himself from SFA; (ii) within ten days after termination, return to SFA the Operations Manual and all trade secrets and other confidential materials, including SFA's Opening Manual, tool kits, equipment, and other property owned by SFA and all copies thereof; (iii) take such action as may be required to transfer and assign to SFA or its designee or to disconnect and forward all telephone numbers, white and yellow page telephone references and advertisements, and all trade and similar names registrations and business licenses, and to cancel any

interest which GASPARD may have in same; (iv) to automatically transfer all telephone numbers that GASPARD used to receive calls from the public for his Franchised Business to SFA; (v) cease to use in advertising or in any manner whatsoever any methods, procedures, or techniques associated with the POP-A-LOCK System in which SFA has a proprietary right, title, or interest; and (vi) for a period of two (2) years from termination, not to engage as an owner, operator, or in any managerial capacity in any business which engages in or offers car door unlocking services, locksmith services, or emergency roadside assistance services within the Tucson, Arizona metropolitan area.

5.

GASPARD and each of his agents, employees, representatives, heirs, assigns, and successors and all those acting on behalf of or in concert with any of them are hereby permanently enjoined and restrained from the following:

(a) Misappropriating, using, or disclosing SFA's trade secrets, including without limitation, SFA's tools and manuals;

(b) Using any of SFA's service marks including the POP-A-LOCK mark, or any colorable imitation thereof, in connection with the sale, offering for sale, advertising, promotion, or other marketing whatsoever of vehicle door unlocking services, emergency roadside assistance services, or locksmith services;

(c) Otherwise infringing any of SFA's service marks including the POP-A-LOCK mark;

(d) Falsely designating the origin of or falsely describing and representing GASPARD's services as originating from, or being related to, affiliated with, or sponsored or approved by SFA; and from engaging in conduct tending to create such false designations, descriptions, and representations; and from any other conduct which tends to associate GASPARD with SFA in any way or pass off GASPARD's services as those of SFA; and

(e) Engaging in unfair competition with SFA or diluting the distinctiveness of SFA's service marks including the POP-A-LOCK mark.

6.

For a period of two (2) years from the date of entry of this Consent Judgment, GASPARD is hereby enjoined and restrained from engaging as an owner, operator, or in any managerial capacity in any business which engages in or offers car door unlocking services, locksmith services, or emergency roadside assistance services within the Tucson, Arizona metropolitan area.

7.

GASPARD is hereby ordered to deliver to SFA within ten (10) days of the date of entry of this Consent Judgment, any labels, signs, prints, instructions, packages, wrappers, receptacles, advertisements, letterheads, bill heads, name tags, uniforms, and any other printed matter of any nature whatsoever, as well as

all plates, molds, matrices, and any other means of making or affixing same, and any other materials in the possession, custody, or control of GASPARD bearing or displaying any of SFA's service marks including the POP-A-LOCK mark, or any colorable imitation thereof.

8.

GASPARD is hereby ordered to deliver to SFA within ten (10) days of the date of entry of this Consent Judgment, all proprietary and trade secret tools and manuals belonging to SFA as well as any copies thereof that are in GASPARD's possession, custody, or control.

9.

GASPARD is hereby ordered at his expense and within ten (10) days from the date of entry of this Consent Judgment, to transfer, convey and assign to SFA through its designee and current Tucson POP-A-LOCK franchisee, Allen Wong d/b/a Pop-A-Lock®, 7320 N. La Cholla Blvd. # 154-195, Tucson, AZ 85741, all telephone numbers and service used by GASPARD to receive calls from the public for his former POP-A-LOCK Franchised Business, including without limitation, the following telephone numbers and service: 520-628-7828, 520-573-1414, and 520-531-0706. GASPARD hereby instructs and authorizes his telephone service provider (believed to be Qwest Communications) to transfer, convey and assign the aforesaid telephone numbers and service to SFA through its designee and current Tucson POP-A-LOCK franchisee, Allen Wong d/b/a

Pop-A-Lock®, 7320 N. La Cholla Blvd. # 154-195, Tucson, AZ 85741.

10.

All claims for relief plead by SFA against GASPARD in this civil action, other than SFA's claims for injunctive and other relief granted by paragraphs 5 through 9 hereof, are hereby dismissed with prejudice, each party to bear its own costs and attorney's fees in connection with the prosecution, defense, and disposition of this civil action.

11.

Any party that is determined to have violated the terms of this Consent Judgment will be responsible to the non-violating party for all costs, expenses, and reasonable attorney's fees incurred by the non-violating party in enforcing the terms of this Consent Judgment.

12.

This Consent Judgment shall be interpreted as if jointly written by both parties.

13.

SFA and GASPARD acknowledge, represent, and warrant that in entering this Consent Judgment, each party has made an independent investigation of the facts and is not relying upon any statements or representations, other than those contained herein, made by the other party, its agents or representatives, and that no one, including any of the parties' agents, employees, attorneys, or

representatives, has made any promise, representation, or warranty relating to this Consent Judgment or offered any inducement to enter into this Consent Judgment except as recited herein.

14.

This Consent Judgment shall be binding upon GASPARD and each of his respective owners, shareholders, directors, officers, employees, agents, legal representatives, affiliates, subsidiaries, related companies, heirs, successors, and assigns, and upon those persons in active concert or participation with them who receive actual notice thereof by personal service or otherwise.

15.

This Consent Judgment constitutes a full mutual release and discharge of all claims set forth in the parties' pleadings and well as any claims or counterclaims that could have been filed arising from the matter set forth in the pleadings. Such release and discharge apply to any such claims by or against the owners, directors, officers, employees, agents, legal representatives, attorneys, insurance carriers, heirs, successors, and assigns of each of the parties.

Lafayette, Louisiana, this 25th day of _August_, 2006.

_____
TUCKER L. MELANCON
UNITED STATES DISTRICT JUDGE

SFA and GASPARD, through their respective undersigned counsel, and GASPARD personally hereby consent to the entry of the foregoing Consent Judgment and waive any and all right of appeal.

Dated: 8-18-06

Robert L. Waddell (23586)
C. Dean Domingue (18588)
Ted M. Anthony (21446)
PERRET DOISE, APLC
600 Jefferson Street, Suite 1600
Post Office Drawer 3408
Lafayette, Louisiana 70502
(337) 262-9000

ATTORNEYS FOR PLAINTIFF,
SYSTEMFORWARD AMERICA,
INC.

Dated: 8-16-06

Gregory F. Williams, Sr. (25538)
600 Jefferson Street, Suite 550
Lafayette, Louisiana 70501
(337) 266-2298

ATTORNEY FOR DEFENDANT
NEIL P. GASPARD

Dated: 8-16-06

NEIL P. GASPARD